■ In the Matter of MA'KYLE L., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRIAM B., Appellant; EGBERT L., Intervenor-Respondent. (Proceeding No. 1.) In the Matter of MELISSA L., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRIAM B., Appellant; EGBERT L., Intervenor-Respondent. (Proceeding No. 2.) In the Matter of MYIA L., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRIAM B., Appellant; EGBERT L., Intervenor-Respondent. (Proceeding No. 3.) In the Matter of EGBERT L., Respondent, v MYRIAM B., Appellant, et al., Respondents. (Proceeding Nos. 4-8.) In the Matter of MEEK B., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRIAM B., Appellant. (Proceeding No. 9.) In the Matter of METERNAL B., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MYRIAM B., Appellant. (Proceeding No. 10.) [959 NYS2d 449]—In five related neglect proceedings pursuant to Family Court Act article 10 and five related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of (1) an order of fact-finding and disposition of the Family Court, Nassau County (Dane, J.), dated December 22, 2010, as, after fact-finding and dispositional hearings, upon her consent, awarded custody of the children Ma'Kyle L., Melissa L., and Myia L. to the father, (2) an order of the same court, also dated December 22, 2010, as, after fact-finding and dispositional hearings, upon her consent, awarded custody of the children Meek B. and Meternal B. to the father, and (3) an order of the same court dated January 19, 2011, as, after a hearing, upon her consent, granted the father's petition for custody of all five children.

Ordered that the appeals are dismissed, without costs or disbursements.

The mother is not aggrieved by the award of custody of the subject children to the father, since she consented to that disposition. Since that is the only issue raised on appeal, the appeals must be dismissed (*see* CPLR 5511; *Matter of Garcia v Carballo*, 277 AD2d 453 [2000]; *Matter of Chiakpo v Obi*, 255 AD2d 579, 580 [1998]). To the extent that the appellant contends that she

did not consent to the award of custody to the father, her remedy is to move in the Family Court to vacate or resettle the orders (*see Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]; *Matter of Brouwer v Pacicca*, 291 AD2d 448, 449 [2002]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.